## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2018-KA-01617-COA

**BOYD MCLAUREN, JR. A/K/A BOYD**                        **APPELLANT**
**MCLAURIN, JR. A/K/A BOYD MCLAURIN**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

DATE OF JUDGMENT:               06/07/2018
TRIAL JUDGE:                    HON. DAL WILLIAMSON
COURT FROM WHICH APPEALED:      JONES COUNTY CIRCUIT COURT,
                                SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: GEORGE T. HOLMES
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LISA L. BLOUNT
DISTRICT ATTORNEY:              ANTHONY J. BUCKLEY
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 11/05/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Boyd McLauren Jr. was convicted of a felony for his third offense of driving under the influence of alcohol (DUI). He was sentenced to serve five years in the custody of the Mississippi Department of Corrections and ordered to pay a $3,000 fine. Finding no arguable issues for appeal, McLauren's appellate counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005). McLauren was given additional time to file a supplemental brief but did not.

**FACTS**

¶2. According to Erica Magee, McLauren's ex-girlfriend, she and McLauren had a fight early one morning that culminated in McLauren throwing a hatchet through her window. Magee testified that McLauren, who had been drinking alcohol earlier, then drove away in his white Ford F-150 truck. Magee called the local sheriff's department. Officers responded to her house and broadcasted a description of McLauren's truck.

¶3. Deputy James Atkins was responding to the call at Magee's house when he passed a white Ford F-150 traveling in the opposite direction. Deputy Atkins followed the truck and conducted a traffic stop. Deputy Atkins testified that McLauren was the sole occupant of the truck. Deputy Atkins and another officer placed McLauren under arrest because he did not follow the officers' commands, and the report indicated McLauren was possibly armed with a weapon. Deputy Atkins could smell "the strong odor of intoxicating beverage" emanating from McLauren. McLauren admitted to Deputy Atkins that he had been drinking earlier.

¶4. The DUI officer who responded to the scene also smelled alcohol on McLauren. The portable breathalyzer test indicated the presence of alcohol. Later, McLauren's blood-alcohol content was measured at .20 percent. Evidence of McLauren's two prior DUI convictions was admitted into evidence during trial. Because both prior convictions occurred within five years of the third offense, McLauren's third offense was automatically classified as a felony. Miss. Code Ann. § 63-11-30(2)(c) (Rev. 2013).

¶5. McLauren denied driving the truck. Rather, McLauren testified that a friend drove the truck to him and that he was sitting in the truck with the engine off when law enforcement found him.

## DISCUSSION

¶6.     Here, McLauren's appellate counsel complied with the requirements set forth in *Lindsey*. *See Lindsey*, 939 So. 2d at 748 (¶18).  McLauren's appellate counsel stated that he reviewed the following: (a) the circumstances surrounding McLauren's arrest; (b) any possible violation of McLauren's right to counsel; (c) the sufficiency of the indictment; (d) the weight and sufficiency of the evidence; (e) speedy trial issues; (f) all rulings of the trial court; (g) possible issues of ineffective counsel; (h) all jury instructions; (i) the admission or exclusion of all exhibits; (j) possible prosecutorial misconduct; and (k) possible misapplication of the law in sentencing.  After examining the record, he found no arguable issues for appeal.

¶7.     Our independent and thorough review of the record has not revealed any arguable issues that would warrant reversal.  *See Taylor v. State*, 162 So. 3d 780, 787 (¶18) (Miss. 2015).  Accordingly, we affirm McLauren's conviction and sentence.

¶8.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**